**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KAHAMA VI, LLC,**

      **Plaintiff,**

**v.**                                         **Case No:  6:13-cv-59-Orl-36TBS**

**IRVIN CONSTRUCTION COMPANY,**
**INC., IRVIN LAND & DEVELOPMENT**
**COMPANY, LLC, MARK M. IRVIN,**
**SAMUEL L. IRVIN, BRENDA M.**
**IRVIN, NATURES IMAGE OF**
**CENTRAL FLORIDA, INC., M & R**
**IRONWORKS, LLC, MID-STATE**
**FENCE COMPANY, INC. and GEORGE**
**W. TORN,**

      **Defendants.**

---

**ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. Smith, filed on January 6, 2014.  Doc. 59.  In the Report and Recommendation, Magistrate Judge Smith recommends that the Court grant Plaintiff Kahama VI, LLC's ("Kahama") Amended Verified Consent Motion for Default/Consent Judgment Regarding Decree of Foreclosure, Order of Sale and Related Relief ("Motion for Default/Consent Judgment") (Doc. 54), with amendments to the Consent Judgment.  *Id.*  Kahama has objected to the amendments proposed by the Magistrate Judge in the Report and Recommendation.  *See* Doc. 60.

   **I.**      **Standard of Review**

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations."  Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

## II.      Discussion

### A.  *Default Judgment*

This is an action to foreclose a mortgage.  Clerk's defaults have been entered against Defendants Natures Image of Central Florida, Inc., M&R Ironworks, LLC, Mid-State Fence Company, Inc. and George W. Torn, pursuant to Federal Rule of Civil Procedure 55(a) based upon their failure to respond or otherwise appear in this action.  *See* Docs. 23-26.  After an independent review of the file, the Court agrees with the Magistrate Judge that a default judgment against these defendants is appropriate.

### B.  *Consent Judgment*

The Magistrate Judge has also recommended that the Consent Judgment be granted as to the remaining five Defendants, Irvin Construction Company, Inc., Irvin Land & Development Company, LLC, Mark M. Irvin, Samuel L. Irvin, and Brenda M. Irvin, but with certain amendments to the proposed judgment.  *See* Doc. 59 at 8.  Specifically, the Magistrate Judge recommends that the proposed judgment be amended to: (1) designate a specific person/company as a special master instead of giving the recommended special master the option of designating a different special master to conduct the foreclosure sale; (2) refrain from retaining jurisdiction for

one year to enforce Defendant Mark Irvin's settlement agreement; and (3) require Kahama to cancel and file the original Note upon the entry of the final judgment of foreclosure.  *Id.* at 8-9.

Kahama objects to the first recommended amendment and relies on the following language of Federal Rule of Civil Procedure 53: "Unless a statute provides otherwise, a court may appoint a master only to . . . perform duties consented to by the parties."  Doc. 60 at 4.  Kahama interprets that portion of the proposed judgment which gives the recommended special master the option to designate a different special master to conduct the foreclosure sale as a duty that the parties to the proposed judgment have consented to within the meaning of Rule 53.  *Id.* at 4-6.  Kahama argues that, here, the parties have consented to the special master having the option to designate another person to conduct the foreclosure sale, pointing out other cases in which courts have approved such options to designate.  *Id.*

The Court does not interpret Rule 53 so broadly.  The rule specifically states that a *court* may appoint a special master.   On its face, it gives a special master the authority to perform duties consented to by the parties.  Rule 53 does not give a special master the authority to delegate its assigned duties to whomever it chooses. There would be no point to the rule if the special master, whom the Court appointed, had free reign to then appoint whomever it chooses.  Therefore, the Court agrees with the Magistrate Judge that Rule 53 "provides for the appointment of a specific special master." *See* Dkt. 59 at 9.

Some of the cases Kahama cites in support of its objection are distinguishable. They concern a situation where the court appointed a small law firm as special master and that law firm "designated" someone within its firm to conduct the foreclosure sale. *See, e.g., Sequoia Financial*

*Solution, Inc. v. Bidwell et al.,* Case No. 8:12-cv-02534-VMC-MPC (M.D. Fla. Nov. 8, 2012).[1]

These cases do not support Kahama's argument as it was the court that chose to appoint the law

firm and thereby approved any attorney within that firm to conduct the duties of the special master.

In other words, by virtue of the court's decision to designate a law firm as special master, someone

within the firm would necessarily have to be chosen to actually perform the duties agreed to by

the parties in their consent judgment.  Appointing a corporation or partnership as a special master

differs from appointing an individual as a special master.  Further, appointing a firm differs from

expressly giving an attorney or a firm free reign to designate anyone they want as a special master.

Therefore, even though other cases cited by Kahama allowed an appointed individual attorney to

designate a special master, namely one of the recommended special masters here, James Chaplin,

*see, e.g. Landmark Financial Solutions, LLC v. Robinson*, 3:13cv00279-HES-MCR (M.D. Fla.

Mar. 13, 2013), the Court will appoint Mr. Chaplin as special master but will not allow him free

reign to designate another special master of his choosing pursuant to Rule 53.

Kahama next argues that the Court should retain jurisdiction over Defendant Mark Irvin's

settlement agreement.  Doc. 60 at 7.  Judge Smith pointed out that, in the event of a breach, the

parties could seek to enforce the settlement agreement in state court.  Doc. 59 at 9.  A District

Court can retain jurisdiction over a settlement agreement in two ways:  either (1) the district

court must issue an order retaining jurisdiction over the agreement prior to the  filing of a

stipulation of dismissal, or (2) the parties must condition the effectiveness of the  stipulation of

---

[1] Plaintiff also relies upon *Sequoia Financial Solutions, Inc. v. Henry, et al.*, Case No. 6:12-cv-1732-Orl-22TBS as support for its request to allow the special master to appoint a designee to conduct the foreclosure sale. There, the Magistrate Judge recommended the confirmation of the sale because Ms. Wachsmuth, a member of the law firm of Lynn Cole, P.A. had already conducted the sale. To do otherwise would have required re-publication and re-sale. *See* Docs 30, 31.

dismissal on the district court's entry of an order retaining jurisdiction. *Houston v. Sugarland Plaza, Inc.*, 2:13cv237-FtM-38UAM (M.D. Fla. July 2, 2013) (citing *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012)).

The Magistrate Judge's point is well-taken. The Court usually does not retain jurisdiction over settlement agreements. However, the Court will retain jurisdiction over the settlement agreement between Defendant Mark Irvin and Kahama, the terms of which have been included in the proposed Consent Judgment, for a period of *one year* after the Consent Judgment is entered. In light of the fact that the Court will retain jurisdiction over the remaining Defendants pursuant to the Consent Judgment for the purpose of approval and confirmation of the foreclosure sale (*see* Doc. 57-1 ¶ 20) and since Defendant Mark Irvin has not yet been dismissed from this action, the Court will not require Plaintiff to file an enforcement action in state court.

Finally, Kahama contends that should the Court require it to cancel and file the original of the Note upon the entry of a final judgment of foreclosure in this case, that this requirement be consistent with the other terms of the Consent Judgment. Doc. 60 at 10. Specifically, Kahama has no objection to filing the Note with the Clerk if directed but is concerned as to what effect that would have on enforcement of the Consent Judgment against Defendant Mark Irvin. *Id.* The Court has chosen to retain jurisdiction over the enforcement of the settlement agreement for one year. Therefore, Plaintiff will not be prejudiced by a requirement to cancel and file the original of the Note.

## III.    Conclusion

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in

all respects except that the Court shall retain jurisdiction over enforcement of the settlement

agreement between Plaintiff Kahama and Defendant Mark Irvin for one year after entry of the

Consent Judgment.

        Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1.     The Report and Recommendation of the Magistrate Judge (Doc. 59) is adopted, confirmed, and approved in all respects, except that the Court shall retain jurisdiction over enforcement of the settlement agreement between Plaintiff Kahama and Defendant Mark Irvin for one year after entry of the Consent Judgment, and is made a part of this Order for all purposes, including appellate review.

2.     Plaintiff Kahama VI, LLC's Motion for Default Judgment (Doc. 54) is **GRANTED** against Defendants Natures Image of Central Florida, Inc., M&R Ironworks, LLC, Mid-State Fence Company, Inc. and George W. Torn.

3.     Plaintiff Kahama VI, LLC's Amended Verified Motion for Consent Judgment (Doc. 54) is **GRANTED** with the following amendments:

    a)     On page 1 and under Paragraph 4, the Court appoints Attorney James Chaplin as Special Master and does not authorize him to designate an alternate Special Master.

4.     The Consent/Default Judgment will be entered by separate Order of the Court.

5.     Plaintiff Kahama is directed to cancel and file the original of the Note with the Clerk upon the entry of a final judgment of foreclosure in this case.

**DONE** and **ORDERED** in Orlando, Florida on May 13, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

7